JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-03544-JHN -SHx | Date | June 16, 2010 |
|---|---|---|---|
| Title | Reginald Harbour v. Target et al. | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT (In Chambers)

### I. BACKGROUND

On or about June 24, 2009, Plaintiff slipped and fell at a Target store. (Compl. ¶ 8.) On December 10, 2009, Plaintiff filed suit in Los Angeles County Superior Court against Target ("Defendant"). Plaintiff alleged that as a proximate and direct result of the dangerous condition known to Defendant, Plaintiff "has incurred and will in the future incur medical and sundry expenses in the examination, care and treatment of his injuries, the exact nature and extent of which are unknown to plaintiff at this time[.]" (*Id.* at ¶ 12.) Plaintiff's Complaint contained California state law causes of action for Negligence and Premises Liability.

On February 18, 2010, Defendant filed an answer to Plaintiff's Complaint. On or about March 1, 2010, Plaintiff filed a Case Management Conference Statement in which Plaintiff claimed medical expenses of $9,045.16 for past expenses and $2,500.00 to $3,500.00 for future expenses. (Notice of Removal, 3.) On February 11, 2010, Plaintiff's counsel indicated to Defendant that Plaintiff's physician had ordered Plaintiff to undergo an ultrasound. (*Id.* at 5.) Defendant responded that same day by advising Plaintiff that Defendant intended to remove the case to federal court on diversity grounds, and requested a stipulation from Plaintiff that the amount in controversy in the case did not exceed $75,000. (*Id.*) Plaintiff rejected the proposed stipulation. (*Id.*) On April 15, 2010, Plaintiff informed Defendant that Plaintiff was a candidate for arthroscopic knee surgery, the costs of which typically range from $20,000 to $25,000. (*Id.* at 6.) Plaintiff's current medical billing attached to the correspondence totaled $10,648.86.

Defendant filed a Notice of Removal on May 12, 2010, claiming that Defendant discovered for the first time on April 15, 2010 "that the sum of damages alleged by Plaintiff *necessarily* exceeds $75,000.00, exclusive of interest and costs." (*Id.* at 8.) (emphasis added.) Thus, Defendant contends, given the damages alleged by Plaintiff and the diversity of citizenship between parties, the Court has original jurisdiction pursuant to 28 U.S.C. Section 1332. (*Id.* at 10).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-03544-JHN -SHx | Date | June 16, 2010 |
|---|---|---|---|
| Title | Reginald Harbour v. Target et al. | | |

## II. LEGAL STANDARD

Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]" 28 U.S.C. § 1441(a). The Court may remand a case to state court for lack of subject matter jurisdiction or defects in removal procedure. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." *U.S. v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). Federal courts "strictly construe a removal statute against removal jurisdiction." *Gas v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).
28 U.S.C. section 1332 requires complete diversity of citizenship and that the matter in controversy exceeds $75,000. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005). When a state court complaint does not specify an amount in damages, a defendant removing to federal court must prove, by a preponderance of the evidence, that the matter in controversy meets the required jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

## III. DISCUSSION

A. <u>Diversity</u> of <u>Citizenship</u>

Defendant has established that the parties in this case are completely diverse. Defendant is a corporation incorporated in Minnesota with its principal place of business in that State, and Plaintiff is a citizen of California. (Notice of Removal, 7). Thus, Defendant has proven that the parties are diverse, as required by 28 U.S.C. § 1332(a)(1).

B. <u>Amount</u> in <u>Controversy</u>

However, Defendant's Notice of Removal fails to establish that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Defendant acknowledges that the allegations in the Complaint are insufficient to establish the $75,000 amount in controversy. (Notice of Removal, 5.) Defendant attempts to point to Plaintiff's unwillingness to stipulate to a damages cap below the required jurisdictional amount in controversy as grounds for federal jurisdiction. (Notice of Removal, 6.) However, Defendant has failed to prove, by a preponderance of the evidence, that the matter in controversy meets the required jurisdictional amount under 28 U.S.C. § 1332. *See Sanchez,* 102 F.3d at 404.

A "mere averment" that the amount in controversy exceeds $75,000 is insufficient to support federal jurisdiction. *Gas v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). Defendant's Notice of Removal does not demonstrate facts to support the amount in controversy, but rather draws that unwarranted conclusion from Plaintiff's unwillingness to stipulate to a damages cap. Defendant has presented no

**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-03544-JHN -SHx | Date | June 16, 2010 |
|---|---|---|---|
| Title | Reginald Harbour v. Target et al. | | |

evidence or facts either as to the amount of damages sought or likely to be awarded.  Even taking the figures stated in Defendant's Notice of Removal, Plaintiff seeks, *at the outer estimate*, the following damages: $10,648.86 for past expenses, $25,000 for arthroscopic surgery, and $3,500 for future expenses.  The sum of these figures is $39,148.86, well below the required jurisdictional threshold for diversity jurisdiction.  Thus, Defendant has failed to submit "summary-judgment type evidence" to establish that the amount in controversy requirement has been satisfied.  *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal 2002) (quotations omitted).

### IV.  CONCLUSION

For the foregoing reasons, this action is REMANDED to Los Angeles County Superior Court.  *See* 28 U.S.C. § 1447 (c)

IT IS SO ORDERED.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |